IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARLOS AQUINO-LEON,

Petitioner,

v.

Attorney General TODD BLANCHE, ET AL.,

Respondents.

3:26cv1853
ELECTRONICALLY FILED

**MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS (Doc. 1)**

Pending is Petitioner Carlos Aquino-Leon's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

## I. BACKGROUND

On September 17, 2026, Petitioner filed his habeas petition. (*Id.*).

On October 2, 2026, Respondents filed their response in opposition to Petitioner's habeas petition. (Doc. 5).

On October 6, 2026, Respondents filed their Notice of Custody Redetermination Hearing. (Doc. 6).

On October 13, 2026, Petitioner filed a Notice of Development in Removal and Bond Proceedings. (Doc. 7).

On October 23, 2026, Respondents filed their Response to Notice of Development in Removal and Bond Proceedings. (Doc. 9).

Accordingly, Petitioner's habeas petition has been fully briefed and is ripe for adjudication.

## II. PARTIES' POSITIONS

Petitioner asserts in his habeas petition, and Respondents do not dispute, that Petitioner: (1) is a native and citizen of Mexico; (2) entered the United States ("U.S.") either in 2003 or 2005 without inspection; (3) was arrested without a warrant and detained by ICE on September 2, 2026, after a traffic stop in York, Pennsylvania; (4) has a pending removal proceeding, *i.e.*, he is not subject to a final order of removal; (5) has no criminal history within the U.S.; and (6) was detained at Moshannon Valley Processing Center ("MVPC") at the time his habeas petition was filed in this Court.

It also is undisputed by the parties that at some point after Petitioner filed his habeas petition, he was transferred to Winn Correctional Center ("WCC"), which is located in Louisiana, and remains in custody at WCC. See https://locator.ice.gov/odls/#/search (last visited November 24, 2026).

Petitioner claims in his habeas petition that: (1) his detention without a bond hearing violates the Immigration and Nationality Act ("INA") and his procedural due process rights under the Fifth Amendment (Counts One and Three); (2) his detention serves no lawful purpose because he is neither a danger nor a flight risk and thus, violates his substantive due process rights under the Fifth Amendment (Count Two): (3) his warrantless arrest and continuing detention is in violation of 8 U.S.C. § 1357(a)(2) and 8 C.F.R. §§ 287.3(d) and 287.8(c)(2), and thus, violates the *Accardi* doctrine (Count Four); and (4) his detention based on a seizure without a warrant, without probable cause, and without any individualized determination of flight risk or danger violates his rights under the Fourth Amendment (Count Five). (Doc. 1 at 20-26) (footnotes omitted).

By way of relief, Petitioner seeks an Order that grants the following relief:

a. Assume jurisdiction over this matter;

b. Order that Petitioner shall not be transferred outside the Western District of Pennsylvania while this habeas petition is pending;

c. Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days;

d. Declare that Petitioner's detention is unlawful;

e. Issue a Writ of Habeas Corpus requiring that Respondents release Petitioner under reasonable conditions, such as regular check-ins with ICE;

f. In the alternative, Petitioner requests a custody hearing before this Court. The habeas court can hold its own custody hearing and determine whether the government can prove by clear and convincing evidence that Petitioner must remain in custody, or whether he may be released on recognizance.

g. At a minimum, the Court should order that Petitioner be provided a 1226(a) bond hearing, but with additional safeguards. Specifically, the Court should order:

   i. A bond hearing where the government shall bear the burden of establishing by clear and convincing evidence that poses a danger or flight risk; this protection is necessary to "[reflect] the concern that '[b]ecause the alien's potential loss of liberty is so severe . . . he should not have to share the risk of error equally.'" *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 688 (W.D. Tex. 2025).

   ii. Provide that the habeas court shall retain jurisdiction to review the IJ bond decision to ensure compliance with the court's order and due process.

   iii. Prohibit ICE from invoking the automatic stay provisions under 8 C.F.R. § 1003.19(i)(2) because its application violates the procedural due process rights of noncitizens granted bond. *See Gutierrez v. Thompson*, No. 4:25-cv-4695, 2025 WL 3187521, at *8 (S.D. Tex. Nov. 14, 2025); *see also Maldonado v. Olson*, 2025 WL 2374411 (D. Minn. Aug. 15, 2025).

h. Order Respondents to return all of Petitioner's property to him upon release, including any government-issued identification cards;

i. Award Petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, and on any other basis justified under law; and

j. Grant any other and further relief that this Court deems just and proper.

(*Id*. at 26-28).

## III. DISCUSSION AND FINDINGS

As indicated above, since the filing of his habeas petition, Petitioner has been transferred to Winn Correctional Center, located in Louisiana.

Despite Petitioner's transfer, all parties correctly agree that this Court retains jurisdiction over Petitioner and that the decision of the United States Court of Appeals for the Third Circuit in *Buele Morocho v. Warden Philadelphia FDC*, 189 F.4th 287 (3d Cir. 2026) ("*Buele Morocho*") remains applicable to Petitioner notwithstanding his transfer to an immigration court located within the jurisdiction of a different United States Court of Appeals.

Consistent with the decision of the Court of Appeals for the Third Circuit in *Buele Morocho*, under the undisputed facts of this case, *see* above, the Court finds that Respondents' detention of Petitioner is governed by 8 U.S.C. § 1226(a) and Respondents' conduct with respect to Petitioner's detention violates the INA and Petitioner's rights under the Fifth Amendment's Due Process Clause. *See* 8 U.S.C. § 1226(a); *Buele Morocho, supra*.

The Court further finds that the appropriate relief for these violations is an individualized bond hearing before an immigration judge pursuant to Section 1226(a), and not, as requested by Petitioner, a bond hearing held by this Court or immediate release from custody under reasonable conditions, such as regular check-ins with ICE.

Accordingly, the Court GRANTS Petitioner's habeas petition and ISSUES the writ on these terms: (1) Respondents shall cause Petitioner to be taken (in person or by video) to a neutral immigration judge of the Executive Office of Immigration Review, who is located within the Third Circuit applying Third Circuit law, for an individualized bond hearing pursuant to Section 1226(a) to occur within 30 days of this order, or else release Petitioner by such date; (2) Respondents shall ensure that such a hearing includes the required due process, *i.e.*, at a minimum, factfinding based on a record produced before the decisionmaker and disclosed to Petitioner; an opportunity to make arguments on the Petitioner's behalf; and the right to an individualized determination of Petitioner's interests. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); (3) Petitioner shall be responsible for securing the necessary transcripts and record of the bond hearing; and (4) if Petitioner is released, Respondents shall return to Petitioner any personal property not required to be retained by Respondents by law. The Court trusts the immigration judge to comply with this order and ensure that Petitioner is provided due process, and therefore, the immigration judge shall explain his or her individualized determination on the record. *See Kamara v. Atty Gen. of U.S.*, 420 F.3d 202, 212 (3d Cir. 2005).

Otherwise, Petitioner's habeas petition is DENIED, including to the extent that Petitioner seeks an order: (1) enjoining Respondents from transferring Petitioner outside of the Western District of Pennsylvania while this habeas petition is pending; (2) mandating that at the ordered bond hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner's detention is warranted; (3) enjoining ICE from invoking the automatic stay provisions under 8 C.F.R. § 1003.19(i)(2); (4) directing Respondents to return all of Petitioner's property to him upon release, including any government-issued identification cards;

(5) releasing Petitioner because his detention based on a seizure without a warrant, without probable cause, and without any individualized determination of flight risk or danger violated his rights under the Fourth Amendment; (6) releasing Petitioner because his arrest and subsequent detention violated 8 U.S.C. § 1357(a)(2) and 8 C.F.R. §§ 287.3(d) and 287.8(c)(2), and thus, the *Accardi* doctrine; and (7) awarding Petitioner attorney's fees and costs under the EAJA, as amended, 28 U.S.C. § 2412, or on any other basis justified under law.

More specifically, this Court lacks jurisdiction to enjoin Respondents from transferring Petitioner outside of the Western District of Pennsylvania while this habeas petition is pending. Congress has vested the Secretary of Homeland Security and his/her delegates, such as ICE, with the authority to detain aliens pending a decision on their removal proceedings. 8 U.S.C. §§ 1231(a)(2), 1226(a), (c)(1). And Congress has vested the Department of Homeland Security ("DHS") with the discretion to set the place of detention. 8 U.S.C. § 1231(g)(1); *Sinclair v. Att'y Gen.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006) (collecting cases). Within DHS' discretion is the authority to transfer aliens from one detention center to another. *Calla-Collado v. Att'y Gen.*, 663 F.3d 680, 685 (3d Cir. 2011). Reading § 1231(g)(1) together with Congress's limitations in 8 U.S.C. § 1252(a)(2)(B)(ii) on federal district courts' jurisdiction to review discretionary actions by DHS, federal district courts have concluded that they lack jurisdiction to review DHS' decisions under § 1231. *See, e.g., Jane v. Rodriguez*, Civ. No. 20-5922, 2020 WL 10140953, *1-2 (D.N.J. May 22, 2020) (citing cases). Nor does the All Writs Act, 28 U.S.C. § 1651, provide the Court with jurisdiction to enjoin transfer. *Barrios v. Att'y Gen.*, 452 F. App'x 196, 198 (3d Cir. 2011) (jurisdiction-stripping provision in section § 1252(g) of INA, which is identical to jurisdiction-stripping language of §1252(a)(2)(B)(ii), is not superseded by All Writs Act).

Further, where Petitioner has been detained less than three (3) months, the burden of proof at the ordered bond hearing properly remains with Petitioner and shall not be shifted to Respondents to prove, by clear and convincing evidence, that Petitioner's detention is warranted.

Additionally, Petitioner's request that DHS be enjoined from invoking the automatic stay regulation if the immigration judge grants bond is "too speculative to support a grant of habeas relief" at this time. *Cielo v. Warden*, Civ. No. 3:26-1055, 2026 WL 2204641, at *3 (N.D. Ind. July 30, 2026). *See also Tequida Valencia v. Baltazar*, Civ. No. 26-1869, 2026 WL 1453642, at *5 (D. Colo. May 22, 2026) (determining: "Mr. Tequida Valencia asserts that the Court should preemptively enjoin various actions the Government might take after his bond hearing. . . . But whether Respondents will take those actions in this case is purely speculative."); *Cabrera-Hernandez v. Bondi*, Civ. No. 5:25-197, 2025 WL 3684694, at *3 (S.D. Tex. Dec. 2, 2025) (same).

Moreover, the Court finds that Petitioner's claim that his arrest and subsequent detention violated 8 U.S.C. § 1357(a)(2) and 8 C.F.R. §§ 287.3(d) and 287.8(c)(2), and thus, Respondents violated the *Accardi* doctrine such that Petitioner must be immediately released, fails.

"'A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, . . . its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment'." *United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) (citation omitted); *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984) (Supreme Court reaffirming principle). Here, sufficient ground exists for Respondents' current detention of Petitioner in that: (1) Petitioner has acknowledged that he entered the U.S. without inspection, *see* Doc. 1 at ¶ 32; (2) the Notice to Appear placed

Petitioner in removal proceedings, proceedings which remain pending, *see* Doc. 5-2; (3) Section 1226(a) authorizes detention "pending a decision on whether the alien is to be removed from the United States," 8 U.S.C. § 1226(a); and (4) ICE made an individualized custody determination on the date of Petitioner's arrest, *see* Doc. 9-2. *See also Khekmatiiar v. Janeka*, Civ. No. 5:26-3725, 2026 WL 3575678, at *3 (C.D. Cal. Nov. 20, 2026) (explaining: "[T]he dispositive question in this habeas proceeding is not whether Petitioner's arrest was procedurally defective, but whether he is presently entitled to release from custody") (citing *Bilokumsky, supra.. Lopez-Mendoz, supra.)*; *Fernandez Gomez v. Mullin*, Civ. No. 5:26-6005, 2026 WL 3218212, at *2 (C.D. Cal. Oct. 27, 2026) (determining: "Sufficient ground for Petitioner's present detention appears here," where the petitioner "acknowledge[] that he entered without inspection . . . ; the Notice to Appear placed him in removal proceedings . . . ; the IJ's October 21, 2026 dismissal of those proceedings is not final while the time to appeal remains open, *see* 8 C.F.R. § 1003.39; section 1226(a) authorizes detention "pending a decision on whether the alien is to be removed from the United States," 8 U.S.C. § 1226(a); and ICE made an individualized custody determination on the date of Petitioner's arrest . . . . ) (citations to record omitted); *Chacon v. Mullin*, Civ. No. 5:26-3294, 2026 WL 2127177, at *3 (C.D. Cal. July 21, 2026) (explaining: "The Court need not decide whether Petitioner's interpretation of the INA and its implementing regulations is correct. Even assuming, without deciding, that the government failed to comply with the statutory or regulatory requirements governing the initiation of Petitioner's custody, Petitioner has not shown that release from custody is an available remedy." (citing *Bilokumsky*, 263 U.S. at 158); *Carrillo Gonzalez v. Des Moines Police Dept.*, Civ. No. 8:26-678, 2026 WL 3333315, at *1 (D. Neb. Nov. 4, 2026) (explaining: "But generally speaking, an unlawful arrest isn't a get-out-of-jail-free card if a lawful basis to detain someone is

subsequently established." (*citing Bolokumsky*, 263 U.S. at 158); *Palma v. Powell*, 828 F. Supp.3d 1297, 1308 (N.D. Ala. 2026) (determining: "habeas is not a vehicle to redress defects in an initial arrest; its function is to determine whether the petitioner may lawfully remain in custody. If lawful grounds for detention exist, Palma is not entitled to release even if there were flaws in his original arrest") (citing *Bilokumsky*, 263 U.S. at 158).

Similarly, Petitioner's claim that his detention is based on a seizure without a warrant, without probable cause, and without any individualized determination of flight risk or danger, and thus, his Fourth Amendment rights were violated, fails because any Fourth Amendment violation would not entitle Petitioner to release from custody. As explained by the district court in *Tzep Tambriz v. Tsoukaris*, Civ. No. 26-8188, 2026 WL 3090272 (D.N.J. Oct. 16, 2026):

> "[T]he remedy for an unlawful arrest is the suppression of evidence obtained therefrom, not release from custody." *See Noori v. Soto*, No. 26-951, 2026 WL 631642 at * 2 (D.N.J. March 5, 2026) (quoting *Valenzuela v. Semaia*, No. 25-02853, 2025 WL 3635578, at *4 (C.D. Cal. Nov. 3, 2025) (citing *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984))). "The 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if . . . an unlawful arrest, search, or interrogation occurred." *Reano v. Rokosky*, No. 26-1745, 2026 WL 1245541, at *3 (D.N.J. May 6, 2026) (quoting *Lopez-Mendoza*, 468 U.S. at 1039); *see also Romero v. Brown*, No. 26-00007, 2026 WL 1021455 (S.D. Iowa Apr. 15, 2026) ("Even if [the petitioner's] Fourth Amendment rights were violated, his requested relief would not be the appropriate remedy. . . . A Fourth Amendment violation at the moment of arrest provides scant justification for a subsequent release from custody or a bond hearing."); *Palma v. Powell*, No. 26-299, 2026 WL 701778, at *6 (N.D. Ala. Mar. 12, 2026) ("[H]abeas is not a vehicle to redress defects in an initial arrest; its function is to determine whether the petitioner may lawfully remain in custody."). As such, release from custody would not be the appropriate remedy for Petitioner's claims.

*Tzep Tambriz*, 2026 WL 3090272, at *2. *See also Jean v. Warden Moshannon Valley Processing Center*, Civ. No. 3:26-1241, 2026 WL 2938461, at *2 n. 3 (W.D. Pa. Sept. 30, 2026) (Haines, J.) (same).

Finally, the Court will not award attorney fees and costs to Petitioner under the EAJA, as amended, 28 U.S.C. § 2412, or on any other basis justified under law because the Court finds that Petitioner's habeas petition raised claims and issues which needed adjudication by a court, and Respondents' positions with respect to these claims and issues were substantially justified.

SO ORDERED this 24th day of November, 2026.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel of Record